JOHN T. WOODRUFF & SON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6864. Promulgated March 16, 1927.

*M. Carl Levine, Esq.,* for the petitioner.
*J. L. Deveney, Esq.,* for the respondent.

LOVE: This proceeding seeks to have redetermined a deficiency in income tax for the year 1918 in an amount less than $10,000.

The sole question involved is the reasonableness of a salary paid the president in 1918 of $27,000, the respondent claiming that a salary of $18,000 was reasonable and adequate.

### FINDINGS OF FACT.

The petitioner is a New York corporation with its principal office at Long Island City. It has outstanding stock of $10,000, of which $4,000 was issued for good will. In 1918 all the stock was owned by Walter B. Woodruff, who was president and general manager of the corporation. The business conducted by petitioner is general construction work under contracts.

Walter B. Woodruff devoted all his time to the operations of the petitioner, and personally solicited business for it. The business

obtained by petitioner was due almost entirely to the personal efforts of Woodruff and to his reputation in that line of work. He made estimates, determined cost of construction, and made the bid for petitioner. He superintended all construction work done by petitioner. The gross amount of business done in 1918 was in excess of $392,500, and the gross profits exceeded $54,000. The profits of the business were due primarily to the efforts, influence and business management of Woodruff. There being no stockholders save himself, there were no meetings of the board of directors and hence no fixing of salaries in that formal manner. Managers of other similar companies in that vicinity and competitors of petitioner were paid salaries of $20,000 to $30,000 per annum. Woodruff determined what his salary should be, being controlled therein by salaries paid other managers as well as by the profits realized for the year. He fixed his salary for 1917, 1918, 1920 and 1921, at $27,000 per annum. For 1919, owing to smaller profits realized, he fixed his salary at $18,000. He did not usually draw out the full amount of such salary and left amounts above his drawing account in the corporation.

In 1918 he drew out approximately $6,000 but credited to himself a salary of $27,000, and in his individual return reported $27,000 received. After deducting all expenses, including salary, the net income of the corporation for 1918 was $3,638.40. To that amount the Commissioner added $9,000, being the difference between $27,000 salary deducted by petitioner and $18,000 allowed as a reasonable salary by the Commissioner.

Under all the circumstances of this case, $27,000 was a reasonable salary for Woodruff for the year 1918.

*Judgment will be entered on 15 days' notice, under Rule 50.*